UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20374-CR-MARTINEZ/SANCHEZ

UNITED STATES OF AMERICA

vs.

GAL HAIMOVICH,

> Defendant.
> _____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office"), and Gal Haimovich ("the defendant"), enter into the following agreement:

1. The defendant agrees to plead guilty to the Information, which charges that from at least as early as in or around March 2022, through in or around May 2023, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant did knowingly combine, conspire, and agree with others known and unknown to the United States Attorney to commit an offense against the United States, that is, to: (a) export and cause to be exported, from the United States to Russia, aircraft parts controlled and identified on the Commerce Control List, without first having obtained the required authorization and license from the United States Department of Commerce, in violation of Title 50, United States Code, Sections 4819(a)(1) and (a)(2)(A)-(E), (G), 4819(b), and Title 15, Code of Federal Regulations, Section 736.2(b)(1); and (b) export and send from the United States, and attempt to export and send from the United States, any merchandise, article, and object contrary to any law and regulation of the United States, and receive, conceal, buy, sell, and in any manner facilitate the transportation, concealment, and sale of such merchandise, article, and object, prior to exportation, knowing the same to be intended for exportation contrary to any law and regulation of

the United States, in violation of Title 18, United States Code, Section 554(a)—all in violation of Title 18, United States Code, Section 371.

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter, "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to five years, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 or twice the pecuniary gain the defendant derived from the offense, whichever is greater.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. Additionally, this Office will not oppose a two-level reduction of the Guidelines range under Section 4C1.1 (for "Zero-Point Offenders") should the Court find that the

defendant satisfies all of the conditions set forth therein. This Office further agrees to recommend that the defendant be sentenced to a term of imprisonment **at the low end** of the advisory guideline range, as that range is determined by the Court. This Office, however, will not be required to make this motion and these recommendations if the defendant: (a) fails or refuses to make a full, accurate, and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (b) fails or refuses to make a full, accurate and complete disclosure to this Office of the existence, nature, and location of all assets in which the defendant has or had any direct or indirect financial interest or control, including assets of Control Towers International, CTi, Control Towers Tel Aviv, CTi TLV, CTi UK, WGL, GGT Holding, LLC, and any related entities, and any assets involved in the offense of conviction; or (c) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or Federal offense, violating any term of release, attempting to withdraw his guilty plea, or making false statements or misrepresentations to any governmental entity or official.

7. Acknowledging that the parties' recommendations as to sentencing are not binding on the probation office or the Court, this Office and the defendant agree that, at sentencing:

    a.    this Office and the defendant shall jointly recommend that the applicable section of the Sentencing Guidelines is Section 2M5.1, and further agree that the defendant's base offense level is 26 based on the defendant's evasion of export controls implemented in order to protect U.S. national security, pursuant to subsection 2M5.1(a)(1);

    b.    Neither party shall seek an adjustment under Chapter Three of the Sentencing Guidelines other than as expressly referenced herein.

8. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the

defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw the defendant's plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

9. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

10. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing

Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

11. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

12. This Office and the defendant stipulate to and agree not to contest the following facts, and stipulate that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the defendant's plea of guilty in this case:

## ASSET FORFEITURE

13. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any of his property (a) used or intended to be used, in any manner, to commit or facilitate the offense, a conspiracy to violate 50 U.S.C. § 4819; (b) constituting or traceable to the gross proceeds taken, obtained, or retained, in connection with or as a result of the offense, a conspiracy to violate 50 U.S.C. § 4819; or (c) constituting an item or technology that is exported or intended to be exported in violation of U.S. Code Title 50, Chapter 58, Subchapter I, pursuant to 50 U.S.C. § 4819(d), as incorporated by 28

U.S.C. § 2461(c), and the provisions of 21 U.S.C. § 853; and (d) any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense, a conspiracy to violate 18 U.S.C. § 554, pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c), and the provisions of 21 U.S.C. § 853. In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

14. The property subject to forfeiture includes, but is not limited to:

   (a) forfeiture money judgment in the sum of $2,024,435.44 in U.S. currency, which sum represents the value of the property subject to forfeiture;

   (b) directly forfeitable property, including, but not limited to:

   (i) The real property known and numbered as 3331 NW 82nd Avenue, Doral, Florida 33122;

   (ii) One (1) Maxjet Shipment package to New Delhi;

   (iii) One (1) Reliance Aircraft package to Serbia, Invoice #18239;

   (iv) One (1) Magellan Aviation Delivery to Serbia, Shipment # SM 1029767;

   (v) One (1) Aircraft Service and Specialty Package Invoice #5350127;

   (vi) One (1) Safron Cabin Inc c/o # 002308901;

   (vii) One (1) Yokohama AirSpace shipment to Siberia Airlines #P9717522;

   (viii) One (1) Maxjet Invoice #KELF3V;

   (ix) One (1) Setec Aero PO 229251 Shipper Proponent Package to China;

   (x) One (1) Ethiopia Airlines Honeywell Package to Setec Aero;

   (xi) One (1) Maxjet Service Moldova P010747 Package;

   (xii) One (1) Griselda Proponent CTI USA Package;

   (xiii) One (1) Boeing Package No. SHB02556830;

   (xiv) One (1) Package to Maxjet Maldova Inv# 12151;

   (xv) One (1) Setec Aero Five (5) Tires to Dubai;

 (xvi) One (1) Tre Aero Package 50 # 50-17418;

 (xvii) Twenty-five (25) Nelson Parts Boxes;

 (xviii) One (1) Lumijet aircraft parts;

 (xix) One (1) Control Main Engine Serial # WYG85607;

 (xx) One (1) Set of Proponent Main Parts;

 (xxi) Two (2) Sets of Boeing Aircraft Parts; and

 (xxii) One (1) Constant Speed Drive Part No. 735511A; and

15. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

16. The defendant also agrees to fully and truthfully disclose the existence, nature, and location of all assets in which the defendant has or had any direct or indirect financial interest or control, including assets of Control Towers International, CTi, Control Towers Tel Aviv, CTi TLV, CTi UK, WGL, GGT Holding, LLC, and any related entities, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by this Office for the recovery and forfeiture of all assets identified by this Office as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not

contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

17. In furtherance of the agreed-upon forfeiture set forth in this agreement, the defendant agrees and promises to do the following:

   a. submit a financial statement to this Office upon request, within 14 calendar days from the request;

   b. maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

   c. provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

   d. cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

   e. notify, within 30 days, the Clerk of the Court for the Southern District of Florida and this Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

The defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of

9

assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: a separate prosecution, including, under Title 18, United States Code, Section 1001.

## WAIVERS

18. The defendant understands that he has the right to have the evidence and charges against him presented to a Federal grand jury for a determination of whether or not there is probable cause to believe that he committed the offense with which he is charged. Understanding that right, and after full and complete consultation with his counsel, the defendant agrees to waive in open court his right to prosecution by indictment and agrees that this Office may proceed by way of an information filed pursuant to Rule 7 of the Federal Rules of Criminal Procedure.

19. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by this Office in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further expressly waives his right to appeal based on arguments that (a) the statutes to which the defendant is pleading guilty are unconstitutional and (b) the defendant's admitted conduct does not fall within the scope of the statutes. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if this Office appeals the

defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

20. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under Federal law, a broad range of crimes are removable offenses. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney, this Office, or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

21. In the event the defendant withdraws from this agreement prior to pleading guilty, attempts to withdraw form this agreement, or breaches this agreement before or after he pleads guilty to the charge i-dentified in paragraph 1 above, or otherwise fails to fully comply with any of the terms of this agreement, this Office will be released from its obligations under this agreement, and the defendant agrees and understands that: (a) the defendant thereby waives any protection afforded by any proffer letter agreements between the parties, Section 1B1.8 of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence, and that any statements made by the defendant as part of plea discussions, any debriefings or interviews, or in this agreement and the Factual Basis

11

accompanying this agreement, whether made prior to or after the execution of this agreement, will be admissible against the Defendant without any limitation in any civil or criminal proceeding brought by the Government; and (b) the defendant stipulates to the admissibility and authenticity, in any case brought by this Office in any way related to this agreement, of any documents provided by the defendant or the defendant's representatives to any state or federal agency and/or this Office.

22. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 9/9/24

By: _____
CHRISTOPHER BROWNE
ASSISTANT U.S. ATTORNEY

CHRISTOPHER M. RIGALI
TRIAL ATTORNEY
NATIONAL SECURITY DIVISION
U.S. DEPARTMENT OF JUSTICE

ATTORNEYS FOR THE UNITED STATES

Date: 9/9/24

By: _____
DAVID SELTZER
ATTORNEY FOR DEFENDANT

Date: 9/9/24

By: _____
GAL HAIMOVICH
DEFENDANT

12